UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BARRY J. HORN,                    :    CIVIL NO. **1:06-CV-1038**
                                  :
          Plaintiff               :    (Chief Judge Kane)
                                  :
     v.                           :    (Magistrate Judge Smyser)
                                  :
ROBERT T. KLINE and               :
CUMBERLAND COUNTY,                :
                                  :
          Defendants              :


## REPORT AND RECOMMENDATION


     This Report and Recommendation addresses a motion to
dismiss the complaint.


     The complaint states the claim of Barry Horn, the
plaintiff, that his discharge from his job as an employee in
the Sheriff's Office of Cumberland County violated his
constitutional rights.  The defendants, Robert T. Kline, the
Sheriff, and Cumberland County, argue that it is not a claim
upon which relief can be granted and they argue that therefore
it should be dismissed under Rule 12(b)(6) of the Federal Rules
of Civil Procedure.

The complaint was filed on May 22, 2006, and it asserts that the court has jurisdiction over the 42 U.S.C. § 1983 claim stated under 28 U.S.C. §§ 1331 and 1343.  It states that the constitutional rights involved are the right of a public employee to speak out on matters of public concern without repercussion, the equal protection right not to be subjected to a different standard of discipline on the basis of one's political views, and the First Amendment right as a public employee to be free from requirements imposed by the public employer to perform political services not coincidental with the public employee's public duties.

The complaint's factual allegations are that Horn was a Sheriff's Office employee who played a computer football game while at work, during his breaks.  He was dismissed from his job by defendant Kline ostensibly for playing the computer game.  Other employees in the office played the football computer game and were not terminated.  Horn had complained over the years to Kline about being required to sell tickets to various Republican Party dinners and picnics.  He was also required to provide security at the home of County Commissioner Bruce Barclay for a political event.  He was also required and directed by Kline to sign and gather signatures so that

candidates could qualify to be on a ballot.  He was also required to sign off on the transfer of public monies into bank accounts to further the career of Kline's wife.  He was also required by Kline to work at political and other events on behalf of the Cumberland County Republican Committee.  He persisted in complaining to Kline about these requirements.  He also complained to Kline about Kline's unauthorized retention of employee medical records for private purposes of Kline's.

The complaint contends that the plaintiff was dismissed from his employment because he complained about the matters alleged in the complaint.  The complaint asserts that the defendants violated the plaintiff's constitutional rights and conspired to do so.  An amended complaint containing materially the same allegations and claims was filed on June 12, 2006. (Doc. 7).

The defendants' motion to dismiss the amended complaint was filed on July 12, 2006 (Doc. 13), with a brief in support (Doc. 14).  A brief in opposition was filed on August 7, 2006 (Doc. 19) and a reply brief was filed on August 9, 2006 (Doc. 20).  The two arguments raised by the defendants are that the plaintiff has failed to properly plead a conspiracy claim and

that an actionable 42 U.S.C. § 1985(3) claim has not been
stated because the plaintiff does not belong to a protected
class.  The plaintiff clarifies in his brief that he does not
intend to have his amended complaint construed as purporting
the state a Section 1985 claim, and so the second issue is
immaterial here.  The issue presented here is whether a Section
1983 conspiracy claim upon which relief can be granted is
stated.

       A motion to dismiss pursuant to Rule 12(b)(6)
challenges the legal sufficiency of the plaintiff's complaint;
the court must decide whether, even if the plaintiff were able
to prove all of his allegations, he would be unable to prevail.
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891
(3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to
dismiss for failure to state a claim upon which relief can be
granted, the burden is on the moving party to show that there
is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33
(3d Cir. 1980).  When deciding a motion to dismiss, the court
must accept all material allegations of the complaint as true
and draw all inferences in the light most favorable to the
plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp.
439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of

law, unsupported conclusions and unwarranted inferences need
not be accepted as true." *Id*. at 449-50.  A complaint should
not be dismissed for failure to state a claim upon which relief
can be granted unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim
which would entitle him to relief.  *Conley v. Gibson*, 355 U.S.
41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d
Cir. 1988).

     The defendants argue that the plaintiff's conspiracy
claims under Section 1983 should be dismissed on the basis that
the plaintiff has failed to properly plead a conspiracy.
Their argument in part is in essence that the complaint does
not contain adequate specificity.  They characterize the
complaint as containing no allegations of facts suggesting
agreement or meeting of the minds among defendant conspirators
and as containing no allegations of combination, of an
understanding, of plotting or of planning.

     The plaintiff argues that the existence of a conspiracy
is, construing the complaint in the light most favorable to the
plaintiff, reasonably inferred from the allegations that
defendant Kline systematically and routinely used county

employees for private and political purposes, that the
plaintiff's discharge was approved by Cumberland County, and
that the alleged misuse of county employees and county
resources was in large part to benefit the political party and
its leaders who in turn used the county's resources to maintain
both political and governmental control.

The plaintiff's allegations when viewed in the context
and in the light advanced by the plaintiff do support a
reasonable inference of an agreement, meeting of the minds,
plot and plan.  Although individual names and specific acts and
conversations are for the most part not alleged, an inference
of understandings and of agreements between the Sheriff and one
or more county officials can reasonably be inferred from
allegations of a course of conduct in which an elected Sheriff
uses governmental resources and employees for working at
political events, selling tickets for political events and
gathering candidate endorsement signatures.

The defendants' argument is also in part that the
amended complaint is deficient in that it alleges a conspiracy
of an official acting in an official capacity with the
corporate governmental entity of which the official is an

agent.  This argument goes forward to some extent on the basis
of a construction of the amended complaint that sees it to
allege a conspiracy of only the two named defendants,
Cumberland County and the Sheriff of Cumberland County.

The fact that other specific county officials have
generally not been named as defendants in the complaint does
not require that the complaint be construed as though it
alleges that the county, a non-person entity, in its corporate
capacity conspired with the Sheriff.  The complaint reasonably
supports an inference of an agreement as between the Sheriff
and other county officials as well as with political party
officers and personnel.  In the form of agreements and
understandings with county officials having the power and the
authority to commit the county to certain actions and
inactions, the complaint may be construed to allege, the
Sheriff and the county conspired.

An agent may not generally be held to be in a
conspiracy with his or her corporate principal.  This principle
is referred to as the intracorporate conspiracy doctrine.  The
intracorporate conspiracy doctrine, which the defendants
advance here, provides in essence that agents acting on behalf

of a single legal entity can not normally conspire with themselves or with the entity.  However, while agents acting on behalf of a single legal entity normally cannot conspire with themselves or with the entity, "a conspiracy between a corporation and one of its officers may be maintained if the officer is acting in a personal, as opposed to official, capacity, or if independent third parties are alleged to have joined the conspiracy."  *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 (3d Cir. 1988); *see also Heffernan v. Hunter*, 189 F.3d 405, 412-13 (3d Cir. 1999) (recognizing that courts that have followed the intracorporate conspiracy doctrine allow an exception when employees have acted for their sole personal benefit and thus outside the course and scope of their employment).  Under such circumstances, the intracorporate conspiracy doctrine does not preclude a plaintiff from pursuing damages based on his conspiracy claim.

Defendant Kline is sued in his individual capacity. The complaint is reasonably construed to allege that the Sheriff was acting in his individual capacity and that he was acting in the pursuit of the interests of the Republican Party, in pursuit of his own interests or in pursuit of the interests of other Republican candidates for public office in directing

8

the governmental employees under his supervision and under his authority to perform acts of potential benefit to these interests.  The alleged acts of the Sheriff to facilitate the interests of a political party's office seekers are performed for the benefit of the Sheriff and other office seekers, not for the benefit of the county.  Therefore, on that basis, the intracorporate conspiracy doctrine is not applicable.

In *Brominski v. County of Luzerne,* 289 F.Supp.2d 591 (M.D. Pa. 2003), Judge Munley held the intracorporate conspiracy doctrine to apply in the case of a county official allegedly acting in his official capacity.  Because here the defendant Sheriff is sued in his personal capacity and is not asserted to have acted as an agent of the county in the conduct involving using county resources and employees for personal interests, the *Brominski* case does not compel a conclusion here that the conspiracy claims should be dismissed.

For the foregoing reasons, it is recommend that the defendants' motion to dismiss the complaint be denied.


**_/s/ J. Andrew Smyser_**
J. Andrew Smyser
Magistrate Judge

Dated:  September 12, 2006.