IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA HORN, Administratrix of the | : | |
| Estate of Barry Horn, | : | Civil Action No. 1:06-CV-1038 |
|     Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| ROBERT T. KLINE and | : | |
| CUMBERLAND COUNTY, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are cross-appeals of non-dispositive orders by Magistrate Judge Smyser pursuant to Local Rule 72.2. (Doc. Nos. 73, 89.) For the following reasons, both appeals will be denied.

**I.  BACKGROUND**

On February 16, 2007, Magistrate Judge Smyser entered a case management order establishing a discovery deadline of July 2, 2007 in the above-captioned case, stating that:

> The court will, in the absence of good cause, adhere to the schedule hereby established. Continuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made. Good cause shall be found only when new circumstances have occurred that could not reasonably have been anticipated and that are of an extraordinary nature.

(Doc. No. 42, ¶ 11.)

    **A.  Motion to compel discovery and for sanctions (Doc. No. 57)**

On June 1, 2007, Plaintiff filed a motion to compel discovery and for sanctions (Doc. No. 57) on the grounds that Defendants failed to comply with the discovery requirements under Federal Rule of Civil Procedure 26(a)(1)(A). According to her motion, although Defendants had provided a list of witnesses, the list did not identify the subjects of discoverable information as

required by the rule.[1]  The motion also indicated that Magistrate Judge Smyser discussed the matter with the parties and orally directed Defendants to comply with the rule.  On July 6, 2007, Magistrate Judge Smyser granted Plaintiff's motion, directed Defendants to comply with the rules, and ordered reasonable attorneys' fees incurred by Plaintiff in preparing and briefing the motion.  (Doc. No. 68.)  On July 19, 2007, Defendants appealed the order of Magistrate Judge Smyser.  (Doc. Nos. 73, 74.)

      **B.**      **Motion to extend the discovery deadline (Doc. No. 65)**

On June 29, 2007, Plaintiff filed a motion to extend the discovery deadline, which was due to expire in three days, on the grounds that "Plaintiff's counsel has attempted for months to schedule the depositions of the defendants and they have been uncooperative."  (Doc. No. 65 ¶ 2.)  Defendants did not concur in the motion.

On July 6, 2007, Magistrate Judge Smyser denied the motion on the grounds that Plaintiff failed to comply with the requirements set forth in the case management order.  Specifically, Magistrate Judge Smyser ruled that "counsel could have noticed the depositions of the defendants at any time after the case management conference of October 23, 2006.  This June 29, 2007 motion to extend the July 2, 2007 discovery deadline is not timely, and extraordinary circumstances are not presented."  (Doc. No. 67, at 2.)

On July 19, 2007, Plaintiff moved for reconsideration of the order, asserting that:

---

[1] Federal Rule of Civil Procedure 26(a)(1) provides, in relevant part, that a party generally "without awaiting a discovery request, provide to other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, <u>identifying the subjects of the information</u>."  Fed. R. Civ. P. 26(a)(1) (emphasis added).

(1) "Plaintiff made good faith efforts to schedule the depositions of the defendants, but Defendants' counsel caused the depositions to be cancelled"; and (2) "Defendants' counsel did not comply with the direction of the magistrate judge to supplement his [sic] Defendants' Initial Disclosures to state the subject matter of the discoverable information that was in the possession of the listed witnesses until July 9, 2007, after the close of discovery [thereby preventing] Plaintiff from identifying witnesses that it was necessary to depose for Plaintiff to develop his theory of the case and prevented the Plaintiff from engaging in other discovery." (Doc. No. 70, at 2.) Magistrate Judge Smyser denied the motion for reconsideration on August 1, 2007. (Doc. No. 84.) Plaintiff appealed.

## II.     STANDARD OF REVIEW

This appeal is brought pursuant to Local Rule 72.2, which provides in relevant part that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion . . . in which the magistrate judge is not the presiding judge of the case." LR 72.2; accord Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). On review, this Court is to "consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.

## III.    DISCUSSION

### A.     Defendants' appeal

Defendants argue that Magistrate Judge Smyser's order awarding attorneys' fees is contrary to law for two reasons. First, Defendants argue that Plaintiff's motion violated the case management order because Plaintiff failed to arrange a conference with the Court before filing

the motion.[2] Second, Defendants argue that Plaintiff failed to comply with the requirements of Federal Rule of Civil Procedure 37(a)(2)(A) by failing to file a "certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A).

Neither argument is availing, however, because both pertain to procedural requirements of Rule 37(a) and Magistrate Judge Smyser explicitly awarded sanctions on the basis of Rule 37(c), which does not have such requirements. Rule 37(c) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed R. Civ. P. 37(c)(1). Here, Magistrate Judge Smyser provided Defendants ample opportunity

---

[2] Paragraph 5 of the case management order provided that

> No discovery related motion shall be filed until after the disputing parties have conferred with the court in an effort to resolve the dispute. In the event of a discovery dispute, after the LR 26.3 conference, but before filing a motion, the attorney intending to file a motion shall contact the court to arrange for a conference call. A discovery conference with the court may be requested by any of the disputing parties.

(Doc. No. 42, ¶ 5.) Plaintiff did raise the issue with Magistrate Judge Smyser during the February 13, 2007, case management conference; Plaintiff did not, however, arrange a telephone conference *after* the case management order issued on February 16, 2007, and *before* filing the motion to compel.

to comply with Rule 26(a)(1)(A).  From the February 13, 2007, conference in which Magistrate Judge Smyser directed Defendants to comply, until the June 1, 2007, motion to compel, Defendants failed to comply with a basic rule of discovery.  This failure is sanctionable, and Magistrate Judge Smyser did not clearly err in levying an appropriate sanction.

### B.     Plaintiff's appeal

Plaintiff appeals the decision of Magistrate Judge Smyser to deny Plaintiff's motion for an extension of discovery deadlines.  In support of her motion, Plaintiff argues that Defendants repeatedly obstructed discovery, and that Plaintiff "made every effort to comply with the July 2, 2007, discovery deadline."  (Doc. No. 90, at 6.)  She argues that Magistrate Judge Smyser's decision to deny an extension of time in which to take discovery would "punish" Plaintiff for the Defendants' "delay tactics."  (Id.)

Management of "matters of docket control and conduct of discovery are committed to the sound discretion of the district court."  In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  The Third Circuit has held that it will not "upset a district court's conduct of discovery procedures absent 'a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.'"  Id. at 818 (quoting Eli Lilly & Co. v. Generix Drug Sales, Inc., 460 F.2d 1096, 1105 (5th Cir. 1972)).

In his decision to deny Plaintiff's motion for an extension of deadlines, Magistrate Judge Smyser explained that

> [A]lthough counsel for the plaintiff states in the motion that "[p]laintiff's counsel has attempted for months to schedule the depositions of the defendants and they have been uncooperative", counsel for the plaintiff did not initiate a conference with opposing

> counsel and with this magistrate judge pursuant to the Amended Case Management Order, ¶ 5 to raise this issue. The requirement for such a conference as a prerequisite to a motion is stated by this magistrate judge at every case management conference. After a LR 26.3 conference, before a discovery-related motion is filed, such a conference with me is required. Although this present motion is not a motion to compel discovery, it is a motion for the extension of the discovery deadline. The court also stated at both case management conferences in this case that extensions will not be granted when there are not extraordinary circumstances and a timely motion. Here, counsel could have noticed the depositions of the defendants at any time after the case management conference of October 23, 2006. This June 29, 2007 motion to extend the July 2, 2007 discovery deadline is not timely, and extraordinary circumstances are not presented. The Case Management Order states the expectation of adherence by all counsel to the case schedule contained in the Case Management Order and states the standard for deviation from that schedule.

(Doc. No. 67, at 1-2.) Based upon the Magistrate Judge's sound explanation, this Court is unable to say that Magistrate Judge abused his discretion by denying Plaintiff's motion to extend trial deadlines. Plaintiff has not met her burden to demonstrate that "the court's action made it impossible to obtain crucial evidence." In re Fine Paper Antitrust Litig., 685 F.2d at 818 (emphasis added). Rather, the record reflects that Magistrate Judge Smyser addressed the discovery matters before him diligently, and his order makes clear that the parties' inattentiveness to clearly established deadlines caused any shortcomings in discovery. Accordingly, Plaintiff's appeal will be denied.

**IV.   CONCLUSION**

For the foregoing reasons, the cross-appeals will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDA HORN, Administratrix of the Estate of Barry Horn,** | : | |
| **Plaintiff** | : | **Civil Action No. 1:06-CV-1038** |
| | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ROBERT T. KLINE and CUMBERLAND COUNTY,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 23rd day of November, 2007, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendants' appeal (Doc. No. 73) of Magistrate Judge Smyser's July 6, 2007, order is **DENIED.  IT IS FURTHER ORDERED THAT** Plaintiff's appeal (Doc. No. 89) of Magistrate Judge Smyser's August 1, 2007, order is **DENIED**.

 

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania