**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA HORN, Administratrix of the** | : | |
| **Estate of Barry Horn,** | : | **Civil Action No. 1:06-CV-1038** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ROBERT T. KLINE and** | : | |
| **CUMBERLAND COUNTY,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Before the Court are Defendants' motion for summary judgment (Doc. No. 77),

Magistrate Judge Smyser's Report and Recommendation (Doc. No. 98), Plaintiff's objections to

the Report and Recommendation (Doc. No. 101), and Defendants' response to Plaintiff's

objections (Doc. No. 104).  For the reasons that follow, the Court will overrule Plaintiff's

objections, adopt Magistrate Judge Smyser's Report and Recommendation, and grant

Defendants' motion for summary judgment.

**I.      BACKGROUND**

The factual background of this case is set forth in Magistrate Judge Smyser's Report and

Recommendation.  Because the objections to Magistrate Judge Smyser's Report and

Recommendation are primarily procedural in nature, the Court will set forth the procedural

background in greater detail.

Barry Horn brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants

Robert Kline and Cumberland County terminated his employment as a deputy sheriff in violation

of his First and Fourteenth Amendment rights in May 2006.[1]  After Barry Horn filed an amended

---

[1]   During the course of the litigation, Barry Horn died, and his wife Linda was
substituted as the plaintiff in this case.  Throughout this memorandum, the Court will refer to

complaint (Doc. No. 7) and the Court denied a motion to dismiss filed by Defendants (Doc. No. 29), Defendants filed an answer to Barry Horn's amended complaint (Doc. No. 30). On February 16, 2007, Magistrate Judge Smyser issued a scheduling order establishing a fact discovery deadline of July 2, 2007. (Doc. No. 42.)

On June 1, 2007, Horn filed a motion to compel discovery and for sanctions (Doc. No. 57) on the grounds that Defendants failed to comply with the mandatory discovery requirements under Federal Rule of Civil Procedure 26(a)(1)(A). On June 29, 2007, Horn filed a motion to extend the discovery deadline, which was due to expire in three days, on the grounds that "Plaintiff's counsel has attempted for months to schedule the depositions of the defendants and they have been uncooperative." (Doc. No. 65 ¶ 2.) Defendants did not concur in the motion.

On July 6, 2007, Magistrate Judge Smyser granted Horn's motion to compel and directed Defendants to comply with the rules, and ordered reasonable attorneys' fees incurred by Horn in preparing and briefing the motion (Doc. No. 68) but *denied* the motion for an extension of time on the grounds that Horn failed to comply with the requirements set forth in the case management order. Specifically, Magistrate Judge Smyser ruled that "counsel could have noticed the depositions of the defendants at any time after the case management conference of October 23, 2006. This June 29, 2007 motion to extend the July 2, 2007 discovery deadline is not timely, and extraordinary circumstances are not presented." (Doc. No. 67, at 2.) On July 19, 2007, Horn moved for reconsideration of the order. (Doc. No. 70.)

On July 30, 2007, Defendants filed a motion for summary judgment (Doc. No. 77), a

---

Barry Horn by his full name and Linda Horn, the current plaintiff in the action, simply as "Horn."

brief in support of the motion (Doc. No. 80), and statement of material facts in connection with the motion (Doc. No. 79).  That same day, Horn filed a motion to stay the proceedings pending resolution of Horn's motion for reconsideration.  (Doc. No. 81.)  On August 1, 2007, Magistrate Judge Smyser denied Horn's motions for reconsideration and to stay the proceedings.  (Doc. No. 84.)  Thereafter, Horn appealed Magistrate Judge Smyser's decision to this Court, and the Court affirmed, holding that Horn failed to demonstrate that "the court's action made it impossible to obtain crucial evidence" (Doc. No. 105, at 6) (quoting In re Fine Paper Antitrust Litig., 685 F.2d at 818)), and that Magistrate Judge Smyser "addressed the discovery matters before him diligently, and his order makes clear that the parties' inattentiveness to clearly established deadlines caused any shortcomings in discovery," (Doc. No. 105, at 6.)

After the Court twice granted Horn an extension of time to file a brief in opposition to the motion for summary judgment, Horn filed an answer to the statement of material facts (Doc. No. 95) and brief in opposition (Doc. No. 96).  Defendants filed a reply brief.  (Doc. No. 97.)

On October 5, 2007, Magistrate Judge Smyser issued a report and recommendation recommending that Defendants' motion for summary judgment be granted.  (Doc. No. 98.)  In the report he held that, based on the undisputed facts of record, Horn's constitutional claims failed as a matter of law.  With respect to Horn's first amendment claims, Magistrate Judge Smyser stated hat:

> The undisputed facts establish that [Barry] Horn was terminated because of his disobedience of defendant Kline's directive regarding playing fantasy football games at work and because of his untruthful statement to defendant Kline when asked about participation in the Fantasy Football League.  The plaintiff, therefore, can not establish that Horn was terminated for his speech or because of his opposition to participating in political activities.

(Doc. No. 98, at 15.)  With respect to Horn's equal protection claim based upon a "class of one" theory of discrimination, see <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562 (2000) (recognizing such a theory), Magistrate Judge Smyser held that summary judgment should be entered in Defendants' favor because Horn "has not presented any evidence that [Barry Horn] was disciplined differently than any other similarly situated Sheriff's Office employee."  (Doc. No. 98, at 17.)  On October 25, 2007, Horn filed objections to the report and recommendation.  (Doc. No. 101.)  Defendants filed a memorandum in response to Horn's objections.  (Doc. No. 104.)

In the objections to the Report and Recommendation, Horn does not disagree with the Magistrate Judge Smyser's legal conclusions.  Rather, Horn's sole complaint is that Horn was unable to meaningly obtain discovery from Defendants.  Specifically, Horn complains that:

> There seem to be a number of unresolved issues before this Court including the Magistrate Judge's decision to end discovery which is ensconced in these Recommendations.  This is the case even though the [Magistrate Judge] has been persistently disobeyed by the defendants who never complied with the court's orders to provide a summary of each of their witnesses' prospective testimony so plaintiff could question them.  The result was a Rule 56 results [sic] that plaintiff couldn't respond to.  The Recommendation doesn't mention these facts.  The particular order in question, dated August 1, 2007 criticizes plaintiff for not asking early through either a motion or for requesting another discovery conference.  Plaintiff is severely prejudiced by the courts erroneous decision.  As a plaintiff your damned if you do and damned if you don't.  No guidance was ever given to plaintiff as to how early or when a request which had been repeated numerous times, was going to be strongly enforced by the [Magistrate Judge].  It never was [sic] what good are attorney fee sanctions if the plaintiff can't get discovery.  Time and time again the request was made for information that would have enabled plaintiff to hopefully structure a Rule 56 response.  In short, the first time plaintiff even saw the witnesses' responses was when the defendants used them for summary judgment.  Consequently there is only one appropriate response and that is to reject the [Magistrate Judge's] Report and Recommendation and order the enlargement of discovery plaintiff requested so that a Rule 50 [sic] response, if any can be

4

pursued by plaintiff.

(Doc. No. 101, at 3.)  In other words, Horn argues that because Defendants purportedly

obstructed discovery, the motion for summary judgment should be denied as premature.  The

Court cannot agree.

## II.      STANDARD OF REVIEW

When a party objects to a report and recommendation of a magistrate judge, this Court

must "make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b); L.R. 72.3.  The

Court may also "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge."  Id.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When

deciding a motion for summary judgment, a court should "consider all evidence in the light most

favorable to the party opposing the motion."  A.W. v. Jersey City Public Schs., 486 F.3d 791,

794 (3d Cir. 2007).  The nonmoving party may not simply sit back and rest on the allegations in

the complaint, but must "go beyond the pleadings and by her own affidavits, or by the

depositions, answers to interrogatories, and admissions on file, designate specific facts showing

that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)

(internal quotations omitted).  Summary judgment should be granted where a party "fails to

make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden at trial."  Id. at 322.

Under the rules, however, a court must also "give a party opposing summary judgment an adequate opportunity to obtain discovery."  <u>Radich v. Goode</u>, 886 F.2d 1391, 1393 (3d Cir. 1989).  Federal Rule of Civil Procedure 56(f) provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."  Fed. R. Civ. P. 56(f).

Within this circuit, "a party moving for postponement under Rule 56(f) must inform the district court why delay is needed before the motion can be properly considered."  <u>St. Surin v. Virgin Islands Daily News</u>, 21 F.3d 1309, 1314 (3d Cir. 1994).  Additionally, in order to comply with this rule, the party seeking postponement must submit an affidavit setting forth, with specificity, the reasons for their inability to defend summary judgment.  <u>Lunderstadt v. Colafella</u>, 885 F.2d 66, 70-71 (3d Cir. 1989).  If the party complies with these technical requirements, then a court should consider the following nonexhaustive factors in deciding whether to grant relief under Rule 56(f): (1) the nature of the particular information sought; (2) the extent to which such information would affect summary judgment; and (3) the reasons for why such information has not been previously obtained.  <u>Horvath v. Keystone Health Plan East, Inc.</u>, 333 F.3d 450, 458 (3d Cir. 2003).

## III.    DISCUSSION

As discussed above, to properly postpone summary judgment pursuant to Rule 56(f), a party must submit an affidavit setting forth, with specificity, the reasons for their inability to defend summary judgment.  Horn failed to do so, and that failure alone would be "enough to

preclude an argument of the kind made by [Horn]." <u>Lunderstadt</u>, 885 F.2d at 70 (citing <u>Dowling</u> <u>v. City of Philadelphia</u>, 855 F.2d 136, 139-40 (3d Cir. 1988)).  However, even if Horn had submitted an affidavit in connection with its briefs, the request would be denied.

Before granting a Rule 56(f) continuance, the Court must consider the nature of the information sought, the extent to which such it would affect summary judgment, and why it has not been previously obtained.  <u>Horvath</u>, 333 F.3d at 458.  Horn does not identify what evidence might be obtained through further discovery beyond a bare assertion of prejudice.[2]  Without more, Horn fails to carry the burden to set forth the nature of the information sought through discovery and the extent to which such information would affect the disposition of the summary judgment motion.

Moreover, there is little justification in the record for the parties' failure to obtain such discovery.  Indeed, Defendants argue that Horn was "at all times in possession of sufficient information to allow her to fully and completely conduct discovery [and] [t]he fact that [she] failed to depose these witnesses during the applicable discovery period, or timely and appropriately request an extension of the discovery period, cannot be attributed to the Defendants."  (Doc. No. 104, at 7.)

Horn counters that Defendants thwarted discovery and that Magistrate Judge Smyser provided "[n]o guidance . . . to plaintiff as to how early or when a request [for an extension of time] which had been repeated numerous times, was going to be strongly enforced."  (Doc. No.

---

[2] Horn's grievance appears to based solely on that premise that Defendants prohibited the taking of depositions.  Although depositions are a vital tool of discovery, Rule 56 contemplates that a nonmoving party can fend off summary judgment through other means of discovery, including affidavits, that "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

101, at 3.)  Contrary to Horn's assertion, Magistrate Judge Smyser plainly established expectations for discovery.  He stated at two case management conferences that extensions would not be granted absent "extraordinary circumstances" and a timely motion.  The Case Management Order states that "[c]ontinuances of trial and extensions of the discovery period will be granted only when good cause arises and application is timely made.  Good cause shall be found only when new circumstances have occurred that could not reasonably have been anticipated and that are of an extraordinary nature." (Doc. No. 42, at 6-7.)  Accordingly, despite Horn's protestations, Magistrate Judge Smyser's management of discovery did not prevent a defense of summary judgment; the Federal Rules of Civil Procedure set forth remedies and procedures for difficulties encountered during discovery.  Rather, as the Court held previously: "the record reflects that Magistrate Judge Smyser addressed the discovery matters before him diligently, and his order makes clear that the parties' inattentiveness to clearly established deadlines caused any shortcomings in discovery." (Doc. No. 105.)  Run-of-the-mill discovery difficulties are not equivalent to extraordinary circumstances, and should such difficulties arise, it is incumbent on the aggrieved parties to seek out the appropriate remedies to resolve them.

Therefore, Horn's objections to the Report and Recommendation will be overruled.

## IV.    CONCLUSION

For the foregoing reasons, Magistrate Judge Smyser's Report and Recommendations will be adopted, Horn's objections will be overruled, and Defendants' motion for summary judgment will be granted.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LINDA HORN, Administratrix of the** | : | |
| **Estate of Barry Horn,** | : | **Civil Action No. 1:06-CV-1038** |
|     **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **ROBERT T. KLINE and** | : | |
| **CUMBERLAND COUNTY,** | : | |
|     **Defendants** | : | |

<u>**ORDER**</u>

    **AND NOW**, on this 30th day of June, 2008, for the reasons set forth in the accompanying

memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    Magistrate Judge Smyser's Report and Recommendation (Doc. No. 98) is
        **ADOPTED**.

    2.     Plaintiff's objections to the Report and Recommendation (Doc. No. 101) are
        **OVERRULED**.

    3.    Defendants' motion for summary judgment (Doc. No. 77) is **GRANTED**.

    4.    The Clerk of Court shall enter judgment in Defendants' favor and close the file.


          S/ Yvette Kane
         Yvette Kane, Chief Judge
         United States District Court
         Middle District of Pennsylvania